IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MARLON HOWELL**                                                            **PETITIONER**

**V.**                                                      **CIVIL ACTION NO. 3:15CV105-DMB**

**MARSHALL FISHER and**
**JIM HOOD**                                                        **RESPONDENTS**

## ORDER DENYING PETITIONER'S MOTION FOR FUNDING

Before the Court is Petitioner Marlon Howell's motion for investigative assistance pursuant to 18 U.S.C. § 3599(f), which he has supplemented with an *in camera* memorandum. Respondents have objected to the motion, maintaining that Petitioner has failed to make the proper showing of the need to proceed *ex parte* and arguing that he otherwise is seeking authorization for funding to pursue claims that are barred from consideration in this Court.

This Court may authorize funds for investigative or expert services only upon a showing that the services are "reasonably necessary" for Petitioner's representation. 18 U.S.C. § 3599(f). Such services are "reasonably necessary" if a "substantial need" for the assistance is shown. *Riley v. Dretke*, 362 F.3d 302, 307 (5th Cir. 2004). However, the Court cannot authorize funds for "fishing expeditions." *Mamou v. Stephens*, No. 4:14cv403, 2014 WL 4274088, at *6 (S.D. Tex. Aug. 28, 2014). Additionally, the authorization of funding is not appropriate in order to supplement prior evidence, or to support a meritless or procedurally barred claim. *Ward v. Stephens*, 777 F.3d 250, 265-66 (5th Cir. 2015) (citation omitted).

Petitioner is under a sentence of death for killing David Pernell during an attempted robbery. He requests that this Court authorize funding so that he may obtain the services of a mitigation specialist and a fact investigator to assist him in preparing his federal habeas petition.

In support of his motion, Petitioner maintains that he was never provided investigative assistance in state court, and states that federal habeas counsel "has identified several defaulted claims which require further investigation." Doc. # 10 at 1-2. He asserts that the errors leading to these purportedly defaulted claims arose in both the guilt phase and sentencing phase of his trial, and alleges that neither his trial counsel nor post-conviction counsel performed a thorough investigation. Petitioner further contends that the Supreme Court's decisions in *Martinez v. Ryan* and *Trevino v. Thaler* permit federal habeas examination of his unexhausted and defaulted claims if he can demonstrate that the ineffectiveness of post-conviction counsel was the cause for the default. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012) ("Where under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."); *Trevino v. Thaler*, 133 S. Ct. 1911 (2013) (extending *Martinez* holding to Texas cases). Therefore, Petitioner claims, his request for funding is necessary in order for him to present for federal habeas review "the full defense he was entitled to at trial." Doc. # 10 at 3.

The Court notes that *Martinez*'s holding does not apply to claims already adjudicated on the merits. *See Escamilla v. Stephens*, 749 F.3d 380, 395 (5th Cir. 2014) (holding that once claim is considered and denied on merits by state habeas court, *Martinez* is inapplicable). Rather, once a claim is considered on its merits by a state court, federal review is limited to that record which was before the state court. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that

adjudicated the claim on the merits."); *Escamilla*, 749 F.3d at 395 ("[O]nce a claim is considered and denied on the merits by the state habeas court, *Martinez* is inapplicable, and may not function as an exception to *Pinholster*'s rule that bars a federal habeas court from considering evidence not presented to the state habeas court."); *see also* 28 U.S.C. § 2254(d)(2) (limiting federal review to "the evidence presented in the State court proceeding").

The written opinions of the Mississippi Supreme Court indicate that some evidence was produced during the proceedings in this case, despite the lack of funding from the State. *See, e.g., Howell v. State*, 860 So. 2d 704, 720 (Miss. 2003) (noting limited investigation was performed regarding State's witnesses); *Howell v. State*, 989 So. 2d 372, 381, 390 (Miss. 2008) (referencing Petitioner's production of affidavits from lighting and perceptions expert, fingerprint expert, and purported firearms expert); *id.* at 394 (referencing Petitioner's school records, which were produced on post-conviction review). Additionally, Petitioner presented, and the Mississippi Supreme Court addressed on their merits, approximately twelve claims that trial and/or appellate counsel rendered ineffective assistance. *See Howell v. State*, 989 So. 2d 372, 381-96 (Miss. 2008). One such ineffective assistance claim was that trial counsel failed to develop and present mitigation evidence at trial. *Id.* at 393-94.

In this case, the Court is uncertain whether Petitioner desires funding to support an investigation to raise new claims, to supplement claims previously raised, or both. The Court is not unsympathetic to the notion that Petitioner cannot be expected to produce evidence that no court is willing to grant him funds in order to obtain. However, based on the limited record before the Court and the applicable precedent discussed above, the Court concludes that Petitioner faces obstacles to the production of new evidence in this federal habeas proceeding.

Therefore, under the facts as presented to this Court, the Court concludes that Petitioner has failed to demonstrate that the authorization of funds for a fact investigator and a mitigation investigator is reasonably necessary to the presentation of his federal habeas claims.

Accordingly, it is hereby **ORDERED**:

1. Petitioner's motion for fund for investigative assistance pursuant to 18 U.S.C. §3599(f) is **DENIED**, and

2. Petitioner has failed to make a proper showing for the need for confidentiality under 18 U.S.C. § 3599(f), and his request to proceed *ex parte* is **DENIED**. Petitioner's request to withdraw his *in camera* motion, however, is **GRANTED**.

**THIS** 8th day of September, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**