IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MARLON HOWELL**                                                                                        **PETITIONER**

**V.**                                                                                              **CIVIL ACTION NO. 3:15CV105-DMB**

**MARSHALL FISHER and**
**JIM HOOD**                                                                                          **RESPONDENTS**

## ORDER REGARDING PETITIONER'S MOTION FOR FUNDING

Petitioner Marlon Howell has filed a motion for funding for expert and investigative assistance pursuant to 18 U.S.C. § 3599(f). Doc. #20. Respondents have filed motions for extensions of time within which to file a response in opposition to the funding request. Docs. #21 & #23. Citing prejudice to the development of his case if a determination of funding is further delayed, Petitioner opposes Respondents' requests for additional time. Doc. #24. Having considered the submissions of the parties to date, the Court finds that Respondents' motions for extension should be denied, and Petitioner's motion for funding granted in part.

### Petitioner's Funding Request

This Court may authorize funds for investigative or expert services only upon a showing that the services are "reasonably necessary" for Petitioner's representation. 18 U.S.C. § 3599(f). Services are "reasonably necessary" if a "substantial need" for the assistance is shown. *Riley v. Dretke*, 362 F.3d 302, 307 (5th Cir. 2004). A court does not abuse its discretion in the denial of funding when a petitioner has "(a) failed to supplement his funding request with a viable constitutional claim that is not procedurally barred, or (b) when the sought-after assistance would only support a meritless claim, or (c) when the sought-after assistance would only supplement prior evidence." *Woodward v. Epps*, 580 F.3d 318, 334 (5th Cir. 2009) (citation omitted).

Petitioner maintains in his motion for funding that he has raised three claims in his federal habeas petition that demand further development: (1) ineffective assistance of counsel during voir dire (Ground XI); (2) ineffective assistance of counsel for failure to investigate and present mitigation evidence at the penalty phase of trial (Ground VI); and (3) ineffective assistance of counsel for failure to challenge Petitioner's underlying conviction and sentence for possession of marijuana (Ground IV). Petitioner concedes that the ineffective assistance claims regarding voir dire and his marijuana conviction were not presented in any capacity in the state courts. He also acknowledges that a claim regarding mitigation at the penalty phase was raised in state court, *see Howell v. State*, 989 So. 2d 372, 394 (Miss. 2008); but maintains that new evidence and arguments to be presented for habeas review fundamentally alter the ineffective assistance of counsel claims litigated in post-conviction proceedings, thereby rendering them "new" claims.

Federal habeas claims never presented in state court may be barred from federal habeas review because of the doctrine of procedural default, which provides, in part, that if a petitioner fails to present a claim in state court and can no longer raise the claim in state court because of state procedural rules, the claim is exhausted but procedurally defaulted from federal habeas review because of an independent and adequate state procedural bar. S*ee Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991). A habeas petitioner may overcome a procedural bar and obtain review of his claim by showing either cause or prejudice, or that a fundamental miscarriage of justice would result from failure to review the claim. *See, e.g., id.* at 750. Petitioner maintains that the claims he has identified are not barred from federal habeas review, however, but are properly raised under the exception established in *Martinez v. Ryan*, which holds that "[w]here under state

law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012).

In order to establish an entitlement to federal habeas review of his claims under the *Martinez* exception, Petitioner must establish that his ineffective assistance of counsel claims are substantial and that his state post-conviction counsel was ineffective. *See id*. He cannot do that without demonstrating that counsel's performance was deficient, and that the deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that showing of ineffective assistance of counsel requires petitioner to demonstrate "counsel's performance was deficient," and "the deficient performance prejudiced the defense."). Petitioner argues in his motion for funding that he cannot establish prejudice without developing the claims that should have been presented to the state court, which requires funding. *See* Doc. # 20 at 10.

As mentioned, Petitioner has already presented a claim to the state courts that counsel was ineffective in failing to develop and present mitigating evidence at the penalty phase of trial. *See Howell*, 989 So. 2d at 394. Where a claim is adjudicated on the merits by a state court, habeas review under 28 U.S.C. § 2254(d) is limited to the record that was before the state court. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). However, additional allegations can sometimes change the nature of the claim, thereby rendering it unadjudicated. *Id*. at n.10 & n.11. The United States Supreme Court has yet to determine "where to draw the line between new

3

claims and claims adjudicated on the merits." *Id*. at n.11; *see also Sells v. Stephens*, 536 F. App'x 483 (5th Cir. 2013) (noting claim presented in state court supplemented with new evidence on habeas found procedurally barred and reviewed on merits under *Martinez*); *Escamilla v. Stephens*, 749 F.3d 380, 395 (5th Cir. 2014) (finding new evidence did not fundamentally alter claim where it merely provided additional evidentiary support for claim already presented and adjudicated in state court proceedings).

At this stage of Petitioner's case, the Court cannot determine where the line is between a "new claim" and one already adjudicated on its merits. It likewise cannot determine whether the *Martinez* exception is applicable to Petitioner's claims, or whether opportunities exist for Petitioner to exhaust additional claims in state court. Petitioner has persuaded the Court, however, that he has presented federal habeas claims that, if developed, might allow him to return to state court and attempt to raise new claims, or to argue ineffective assistance of counsel as cause to excuse a procedural bar where no remedies are available in state court. Therefore, the Court finds that some funds for investigative and expert assistance are reasonably necessary such that Petitioner's request for funds will be partially granted.

However, Petitioner seeks approximately $81,000 in funding in order to obtain the services of a neuropsychiatrist, a neuropsychologist, a fact investigator, and a mitigation specialist. Funding requests for expert or investigative assistance generally must be within the limits allowed by statute, which is currently $7,500. *See* 18 U.S.C. 3599(g)(2). Thus, the partial grant of Petitioner's motion requesting authorization of funds will be capped at $7,500, as the Court does not conclude that the particular facts of Petitioner's case present the need for "services of an

unusual character or duration." *Id.* The Court also does not anticipate needing to certify an amount over the statutory maximum, and cautions that the grant of any additional funds is contingent upon Fifth Circuit approval. *See id.* Additionally, by granting Petitioner's motion in part, the Court does not express any opinion as to whether the claims as presented by Petitioner are viable in this Court, or whether any newly developed evidence may be considered by the Court.

**Respondents' Motions for Extension**

Having already determined based on the discussion above that Petitioner's request for funding should be granted in part, Respondents' motions for extension will be denied.

**Conclusion**

For all of the reasons above, it is hereby **ORDERED**:

1. Petitioner's motion [20] for funding pursuant to 18 U.S.C. § 3599(f) is **GRANTED in part** up to the statutory maximum of $7,500.00, and denied in all other respects; and

2. Respondents' motions [21][23] for extensions of time within which to file a response to Petitioner's motion for funding are **DENIED**.

**SO ORDERED**, this 12th day of November, 2015.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**