IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MARLON HOWELL                                                                    PETITIONER

V.                                                                       NO. 3:15CV105-DMB

MARSHALL FISHER and
JIM HOOD                                                                        RESPONDENTS

**ORDER GRANTING RESPONDENTS' MOTION
TO STAY FEDERAL HABEAS PROCEEDINGS**

Respondents have filed a motion seeking to stay this federal habeas action pending the outcome of Petitioner's successive state post-conviction petition[1] filed with the Mississippi Supreme Court on July 29, 2015, on the basis of newly discovered evidence. Doc. #32. Petitioner does not oppose the motion to stay this federal proceeding. *See* Doc. #33.

Claim II of Petitioner's pending state-court petition raises the following issue:

Whether the due process clause of the Fourteenth Amendment to the United States Constitution requires a new trial when newly-discovered alibi witnesses swear that the accused was not present at the time of the murder, and where the State's case - even before discovery of the alibi witnesses - was suspect for many reasons, including the fact that key witnesses have made inconsistent statements and recantations concerning whether or not Howell was present at the murder scene.

Doc. #32 at 2; Doc. #32-1 at 7. Claim II of Petitioner's state court petition is essentially the same actual innocence claim raised in Ground I of Petitioner's habeas petition. *Compare* Doc. #32-1 at 7 *with* Doc. #13 at 12-20, 22-30. Therefore, the federal habeas petition filed in this case contains an unexhausted claim that is also included in a pending state-court proceeding.

The resolution of Petitioner's state court action will impact his federal habeas proceedings. The Court determines that simultaneous litigation of the above issue in both state and federal court

---

[1] Based on one of the exhibits filed in support of the instant motion, Respondent's state court petition is styled, "Motion to Order New Trial Based on Newly-Discovered Evidence; Alternatively, Motion for Leave to File Petition for Post-Conviction Relief Based on Newly-Discovered Evidence." *See* Doc. #32-1.

would be a waste of time and resources, as neither the Court nor the parties can predict whether the state court action will be dismissed or heard on its merits. The Court finds therefore that Petitioner's federal habeas proceedings should be stayed pending the resolution of the issue in state court. *See, e.g., Rhines v. Weber*, 544 U.S. 269, 277 (2005) (stay only appropriate if court determines petitioner has shown good cause for his failure to exhaust potentially meritorious claim in state court, and finds he has not deliberately engaged in dilatory litigation tactics).

Accordingly, Respondents' "Motion to Stay and Abate Pending Resolution of Unexhausted State Court Claim Based on Newly Discovered Evidence" [32] is **GRANTED**. This case is **STAYED** pending the resolution of Petitioner's state court proceedings. In light of the Court's decision to stay these federal habeas proceedings, Respondents' motion [34] for additional time within which to file an answer is **DISMISSED AS MOOT**. Petitioner is **ORDERED** to notify the Court within thirty (30) days of a final adjudication of his request to file a successive post-conviction petition.

**SO ORDERED**, this 27th day of January, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**