# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**MARLON HOWELL**                                                                         **PETITIONER**

**V.**                                                             **NO. 3:15-CV-105-DMB**

**MARSHALL FISHER and**
**JIM HOOD**                                                               **RESPONDENTS**

## ORDER DENYING MOTION FOR LEAVE TO FILE UNDER SEAL

Before the Court is Petitioner's "Motion for Leave to File Under Seal *Ex Parte* Motion and Memorandum for Approval of Proposed Budget for Attorney Fees and Expenses, and *Ex Parte* Proposed Budget for Attorney Fees and Expenses."[1] Doc. #38.

Where a court requires appointed counsel to submit a proposed litigation budget in a capital habeas case, the budget "should be submitted *ex parte* and filed and maintained under seal."[2] *Guide to Judiciary Policy*, Vol. 7A, Ch. 6, §§ 640.10 & 640.20(b). However, Petitioner filed the instant motion in a case that has been stayed pending the resolution of Petitioner's successive state court proceedings. *See* Doc. #36. In entering a stay, this Court noted that "simultaneous litigation … in both state and federal court would be a waste of time and resources, as neither the Court nor the parties can predict whether the state court action will be

---

[1] Petitioner initially filed a "Motion and Memorandum for Leave to File Under Seal *Ex Parte* Motion and Memorandum for Approval of Proposed Budget for Attorney Fees and Expenses, and *Ex Parte* Proposed Budget for Attorney Fees and Expenses." *See* Doc. #37. Through a docket entry, the Clerk of Court notified Petitioner that the filing of a combined motion and memorandum did not comply with the Court's procedural rules and instructed Petitioner to re-file the memorandum separately. Petitioner instead filed the instant motion, apparently deeming his first filing as his memorandum. In light of the ruling on the instant motion, and Petitioner's failure to comply with the Court's procedural requirements, the first motion, still pending, will be denied.

[2] Petitioner's motion therefore is proper insofar as he asks to file a proposed budget *ex parte* and under seal. But, Petitioner's request to file the motion itself *ex parte* is not appropriate. The Court notes that it cannot grant *ex parte* requests for expert or investigative services "unless a proper showing is made concerning the need for confidentiality." 18 U.S.C. § 3599(f). It would be improper, therefore, to allow Petitioner to potentially circumvent this requirement by permitting him to submit a request for investigative and/or expert services in an *ex parte* motion for approval of a proposed budget.

dismissed or heard on its merits." *Id*. at 1-2. Neither party has informed the Court that Petitioner's state court proceedings have concluded. And, a search of the online docket of the Mississippi Supreme Court indicates that Petitioner's application for leave to file a successive post-conviction petition has not yet been adjudicated. *See Howell v. Mississippi*, No. 2015-DR-01138-SCT, https://courts.ms.gov/appellate_courts/generaldocket.html (docket sheet generated April 20, 2016). Therefore, the Court finds that it would be a waste of time and resources for Petitioner to submit a proposed budget, or a motion for approval thereof, before the resolution of his proceedings in state court.

Accordingly, Petitioner's motion [38] is **DENIED** without prejudice to Petitioner's ability to renew it at the conclusion of his state court proceedings. Petitioner's initial motion [37] on this subject is **DENIED**.[3]

**SO ORDERED**, this 20th day of April, 2016.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

[3] *See* footnote 1 *supra*.