# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

MARLON HOWELL                                                   PETITIONER

V.                                             NO. 3:15-CV-105-DMB

MARSHALL FISHER and
JIM HOOD                                                RESPONDENTS

## ORDER GRANTING RESPONDENTS' MOTION TO STAY

On February 26, 2018, Respondents filed a motion to stay this capital federal habeas action pending the outcome of Petitioner's June 23, 2016, motion in the Circuit Court of Union County challenging his 1999 conviction and sentence for possession of a controlled substance. Doc. #81.[1] Petitioner filed a response indicating he does not oppose the motion to stay. Doc. #82.

## I
## Discussion

In Ground IV of his federal habeas petition before this Court, Petitioner claims his trial counsel was ineffective for failing to challenge the validity of his 1999 conviction in the Circuit Court of Union County for possession of marijuana, for which he was sentenced to one year of house arrest and two years of probation, and for which he was ordered to pay associated court costs, restitution, and probation fees. *See generally* Doc. #13 at 51–57. According to Petitioner, the money he owed to the State due to his possession conviction formed the basis in this case for the State's proposed motive (i.e., that financial hardship was the reason Petitioner committed murder), and the conviction itself was used to prove an aggravating circumstance at the penalty

---
[1] Respondents' motion is titled, "Motion to Stay Habeas Corpus Proceedings Pending Resolution of Petitioner's Interrelated State Habeas Challenge of Conviction and Sentence of Possession of a Controlled Substance."

phase of his capital murder trial.

Petitioner's pending state court motion argues that (1) his conviction for possession of marijuana is void because he was a youth at the time he pled to the offense; (2) his sentence exceeded statutory authority; and (3) his fundamental right to be free from an unlawful conviction and sentence vitiates any procedural bar that might otherwise prevent consideration of his claim. Doc. #81-1 at 2. A hearing on the state court motion is scheduled for April 6, 2018. Doc. #81-2.

Because it is undisputed that the outcome of the pending state court proceedings overlaps with the merits of the instant habeas petition, judicial economy requires that Petitioner's federal habeas proceedings be stayed pending the resolution of the state court motion. *See, e.g., Rhines v. Weber*, 544 U.S. 269, 278 (2005) (court should grant stay "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics"); *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998) (district court has discretion to stay federal habeas action pending resolution of state proceedings).

## II
## Conclusion

Respondents' motion to stay [81] is **GRANTED** and this case is **STAYED**.[2] Respondents must file a motion to lift the stay within thirty (30) days of the resolution of Petitioner's pending state court motion.

**SO ORDERED**, this 21st day of March, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] For statistical purposes, the Clerk of the Court is directed to designate this case as closed.