IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MARLON HOWELL**                                                         **PETITIONER**

**V.**                                                         **NO. 3:15-CV-105-DMB**

**MARSHALL FISHER and**
**JIM HOOD**                                                          **RESPONDENTS**

## OPINION AND ORDER

Marlon Howell moves to continue the stay of this federal habeas case on grounds that his petition contains both exhausted and unexhausted claims. The respondents move to lift the stay, arguing Howell's unexhausted claims are procedurally defaulted or fail to satisfy the *Rhines* standard. Because the Court disagrees with the respondents' arguments, the stay will be continued.

## I
## Procedural History

On September 9, 2015, Marlon Howell, a state inmate under sentence of death, filed a federal habeas petition under 28 U.S.C. § 2254 asserting twenty-five grounds for relief.[1] Doc. #13. The respondents filed an answer to the petition on March 28, 2017, arguing Howell failed to exhaust in state court Grounds I, III, IV, VI, XIII, XXIII, and XXV. Doc. #46 at 32–33. Howell responded that Grounds I, III and XXV had been exhausted and that there was cause for the failure to exhaust Grounds IV, VI, XIII and XXIII. Doc. #71 at 2–7. Alternatively, Howell argued the Court should stay these proceedings so he could return to state court and exhaust the unexhausted claims. *Id.* at 8.

On February 26, 2018, the respondents moved to stay these proceedings pending resolution

---

[1] On January 27, 2016, the Court granted the respondents' unopposed motion to stay due to Howell's pending successive state court post-conviction petition. Doc. # 36. The stay was lifted March 14, 2017. Doc. # 45.

of Howell's related state court habeas challenge to a conviction and sentence for possession of a controlled substance. Doc. #81. Howell advised he had no objection to the motion. Doc. #82. On March 21, 2018, the Court granted the respondents' motion to stay and directed them to file a motion to lift the stay within thirty days of the resolution of Howell's pending state court proceedings. Doc. #83.

Following resolution of Howell's state court post-conviction petition challenging the controlled substance conviction and sentence, the respondents filed a motion to lift the stay on April 20, 2023. Doc. #85. Six days later, Howell filed a motion to continue the stay so he could pursue successive post-conviction relief in state court,[2] specifically to exhaust his claims in Grounds IV, VI, XIII, and XXIII. Doc. #86. Briefing on these motions completed May 17, 2023. *See* Docs. #85 to #91.

On July 25, 2023, the Court deferred ruling on the respondents' motion and Howell's motion pending the Mississippi Supreme Court's decision on Howell's motion for appointment of counsel for purposes of seeking post-conviction relief. Doc. #92. Howell filed a notice in this case on August 31, 2023, advising the state court granted his request for appointment of counsel.[3] Doc. #93.

II
**Discussion**

"A federal habeas petition filed by a state prisoner shall not be granted unless the prisoner exhausts available state remedies." *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013). To

---

[2] Howell advised he had already filed in the Mississippi Supreme Court a "Notice of Intent to File Successive Post-Conviction Relief Petition and Motion for Appointment of Counsel for Representation of Indigent Capital Defendant." Doc. #86-1.

[3] The Mississippi Supreme Court remanded Howell's motion for appointment of counsel to the Union County Circuit Court for a ruling. Doc. #93-1. On August 15, 2023, the Union County Circuit Court granted "appointment of counsel from the Mississippi Office of Capital Post-Conviction Counsel" but denied the appointment of additional counsel. Doc. #93-2.

exhaust a claim, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Federal district courts presented with a petition that includes both exhausted and unexhausted claims have discretion to "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 275 (2005).

Howell asks this Court to continue the current stay in this case to allow him to pursue in state court his unexhausted claims in Grounds IV, VI, XIII, and XXIII. Docs. #86, #87. Opposing a continuance of the stay and asking this Court to lift the stay, the respondents argue Howell's unexhausted claims are "not entitled to a *Rhines* stay" because the claims are procedurally defaulted or, in the alternative, fail to satisfy the *Rhines* standard. Doc. #90 at 5–6.

### A. Procedural Default

In response to the argument that his unexhausted claims are defaulted, Howell argues that his claims of ineffective assistance of post-conviction counsel are not procedurally defaulted because initial post-conviction counsel filed the previous petitions for habeas relief and could not have challenged his own performance. Doc. #91 at 4.

"Unexhausted claims become procedurally defaulted if the state court to which the prisoner would have to present his claims in order to exhaust them would find the claims procedurally barred." *Ochoa v. Davis*, 750 F. App'x 365, 370 (5th Cir. 2018) (cleaned up). Though successive writs are procedurally barred by the Mississippi Uniform Post-Conviction Collateral Relief Act, the Act provides certain exceptions, including an exception for claims raising "supervening mental illness before the execution of a sentence of death." *Rowland v. State*, 98 So.3d 1032, 1035 n.7 (Miss. 2012) (quoting Miss. Code Ann. § 99-39-23 (2009)), *overruled on other grounds by Carson*

*v. State*, 212 So.3d 22, 24 (Miss. 2016). The Mississippi Supreme Court also has "provided that an exception to the procedural bars [against successive writs] exists for errors affecting certain constitutional rights," including errors resulting in a claim of "illegal sentence or denial of due process in sentencing," and errors that implicate the right to effective post-conviction counsel in death penalty cases recognized by Mississippi law. *Rowland*, 98 So.3d at 1036; *Grayson v. State*, 118 So.3d 118, 125–26 (Miss. 2013). Because Howell's unexhausted claims assert ineffective assistance of his post-conviction counsel in a death penalty case, that his sentence was obtained in violation of the Eighth and Fourteenth Amendments, and that the Eighth Amendment prohibits his execution due to intellectual disability, they are not procedurally defaulted.

### B. Applying *Rhines* Standard

Under *Rhines*, a stay and abeyance of federal habeas proceedings is warranted only when the petitioner demonstrates that (1) he "had good cause for his failure to exhaust;" (2) "his unexhausted claims are potentially meritorious;" and (3) he has not engaged in intentionally dilatory litigation tactics. 544 U.S. at 278. Although the respondents fail to address each claim individually in opposing Howell's request for a continued stay, the Court will discuss each in turn.

#### 1. Unexhausted claims

##### a. Ground IV

In Ground IV, Howell contends his trial counsel was ineffective in failing to challenge his underlying conviction and sentence for possession of marijuana because the State used that conviction to serve as the aggravating circumstance that he was "under sentence of imprisonment" at the time of offense and to establish the motive for another aggravating circumstance—that the offense was committed "for pecuniary gain." Doc. #13 at 55–57; Doc. #87 at 8. According to Howell, had trial counsel adequately investigated, he would have learned the maximum penalty

should have been a fine since he was under the age of eighteen at the time of the drug offense. Doc. #13 at 55; Doc. #87 at 8–10. Howell contends trial counsel should have discovered this and challenged the use of this particular conviction as an aggravating circumstance. Doc. #87 at 8–10.

b. *Ground VI*

In Ground VI, Howell asserts his trial counsel failed to adequately investigate his background to find mitigation evidence and thus failed to present an adequate mitigation defense during the penalty phase. Doc. #13 at 60–62; Doc. #87 at 14. Howell submits that his trial counsel admitted he "did not obtain records related to [his] education background or medical history for the purpose of obtaining mitigating evidence" and "did not interview other witnesses or consult with any experts in order to present a mitigation defense;"[4] that none of the three witnesses his counsel called during the penalty phase—Tommy Shoemaker, Elaine Simonson, and Apprecia Prather—knew him very well and Prather, his oldest sister, did not live at home with him during his formative years;[5] and consequently, a plethora of mitigating evidence, including his childhood plagued with poverty, frequent moves, and relentless harassment and abuse from his parents, was not presented.[6] Howell further contends there are strong indications that in utero and during childhood and adolescence, he "suffered brain damage" such that he "exhibits symptoms consistent with intellectual disability and post-traumatic stress disorder" partially evidenced by his poor performance in school;[7] and that his scores on psychological assessments are consistent with an intellectual disability.[8]

---

[4] Doc. #87 at 15.

[5] Doc. #13 at 63, 64; Doc. #87 at 17.

[6] Doc. #13 at 73; Doc. #87 at 15.

[7] Doc. #13 at 80, 82; Doc. #87 at 15.

[8] Doc. #13 at 82; Doc. #87 at 15–16.

*c. Ground XIII*

In Ground XIII, Howell argues the prosecution failed to put forth sufficient evidence as to the aggravating circumstances that "[t]he capital offense was committed by a person under sentence of imprisonment" and that "[t]he capital offense was committed for pecuniary gain." Doc. #13 at 119–20 (citing Miss. Code Ann. § 99-19-101 (2013)). Howell claims he was "actually innocent" of these aggravating factors because the prosecution failed to prove them beyond a reasonable doubt and, consequently, the imposition of the death penalty, which relied on existence of these factors, was erroneous. *Id.*; Doc. #87 at 18–19. Howell argues his trial counsel was ineffective in failing to challenge or object to the prosecution's use of them. Doc. #13 at 119; Doc. #87 at 18–19.

*d. Ground XXIII*

In Ground XXIII, Howell claims he has an intellectual disability such that the Eighth Amendment prohibits the imposition of the death penalty. Doc. #13 at 144–45; Doc. #87 at 19–21. According to Howell, he "scored a 64 on a [Test of Nonverbal Intelligence]" which is "consistent with intellectual disability." Doc. #13 at 144; Doc. #87 at 15–16. Howell seems to argue that his trial counsel and post-conviction counsel were ineffective in failing to raise this issue. Doc. #13 at 145; Doc. #87 at 21.

**2. Good cause**

As to the good cause prong, Howell argues his post-conviction counsel was ineffective in failing to investigate and present his claims. Doc. #87 at 6–8. The respondents contend Howell's claims of ineffective assistance of post-conviction counsel "are conclusory and meritless." Doc. #90 at 6.

As mentioned above, the Mississippi Supreme Court recognizes a right to effective post-

6

conviction counsel. *Grayson*, 118 So. 3d at 126. While federal law does not recognize such a right, federal district courts in Mississippi routinely stay capital habeas cases so a petitioner can return to state court with post-conviction ineffective assistance of counsel claims because *Grayson* found such claims unexhausted. *See, e.g.*, *Carr v. Cain*, No. 3:19-cv-274, 2022 WL 17475772 (N.D. Miss. Dec. 6, 2022); *Ambrose v. Cain*, No. 1:21-cv-302, 2022 WL 3499637 (S.D. Miss. Aug. 17, 2022). For this reason, the Court finds Howell's assertion of ineffective assistance of post-conviction counsel sufficient to establish good cause.

### 3. Potentially meritorious

Howell contends his claims are "potentially meritorious" because if trial counsel had performed effectively in any one of the instances identified above, the outcome would have been different—the jury would not have imposed the death penalty. Doc. #87 at 8–21. The respondents appear to argue Howell's claims are "plainly meritless" because they are procedurally defaulted. Doc. #90 at 7–8. As discussed above, Howell's claims are not procedurally defaulted. Further, the state court granted Howell's motion for appointment of counsel for purposes of pursuing successive post-conviction relief. Doc. #93-2. Consequently, the Court cannot conclude Howell's claims are plainly without merit. And "it would be inappropriate for this Court to pass on the merits of the claims before permitting the state court to do so," particularly because "[f]ederal habeas review of state convictions entails significant costs … and intrudes on state sovereignty to a degree matched by few exercises of federal judicial authority." *Ambrose*, 2022 WL 3499637 at *3 (quoting *Davila v. Davis*, 582 U.S. 521, 537(2017)) (internal quotation marks omitted).

### 4. Dilatory tactics

As to whether Howell has engaged in dilatory litigation tactics, the respondents submit that "Howell has known for more than five years that claims he asserted in his habeas petition had not

been presented in state court." Doc. #90 at 8. However, Howell requested leave to return to state court to exhaust claims in his August 25, 2017, reply to the respondents' response to his petition. Doc. #87 at 22; *see* Doc. #71 at 8. These proceedings were stayed just months later due to Howell's state-court challenge to the controlled substance conviction and Howell filed this motion to stay within a month of the resolution of the pending state post-conviction proceedings which necessitated the current stay. Docs. #81, #81-2, #83, #87 at 22. The Court finds no support for the contention that Howell engaged in dilatory tactics in pursuing these claims.

### 5. Summary

Howell has satisfied his burden in demonstrating good cause for failing to exhaust his claims in Grounds IV, VI, XIII, and XXIII; the claims are potentially meritorious; and Howell has not engaged in dilatory litigation tactics. A continued stay and abeyance of these proceedings is appropriate.

## IV
## Conclusion

Howell's motion to continue to the stay of this federal habeas case [86] is **GRANTED** and the respondents' motion to lift the stay [85] is **DENIED**.

**SO ORDERED**, this 13th day of November, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**